I'm Tom Corrales with the State Appellate Defender. I'm representing Mr. Russell. And this appeal stems from a state-appellate defender, Mr. Tom Corrales, who is a state-appellate defendant. This is a second-stage dismissal of the defendant's post-conviction petition. Back in 2007, a Peoria County jury found the defendant guilty of the murder of Carla Spires. The facts that led to the conviction are in our Statement of Facts and also in this Court's published decision from the Direct Appeal. For the purposes of today's argument, I'll just indicate that on appeal, this Court rejected the defendant's two arguments. One, that the evidence was insufficient to prove him as the killer, specifically, in a reasonable doubt argument. And the second argument was that the judge erred in failing to properly admonish the jury or the prospective jurors in Vaudear in compliance with Supreme Court Rule 431B. About two years after this Court released the decision in that appeal, the defendant filed a pro se petition for post-conviction relief. And the Court entered into order in November of 2011, appointing counsel to assist the defendant in the upcoming proceedings. There's one issue we've raised, and that concerns the adequacy of the representation that the defendant received under Supreme Court Rule 651C. Now, before I get to the crux of what I think this issue is about, I just want to recognize a couple aspects of the representation here that is becoming, unfortunately, all too common. And that is, in two years and a few months between the date in November of 2011, when counsel was appointed, and the date that the state's Stage 2 motion to dismiss was called up for a hearing, counsel didn't file any amended pleadings. He did file a certificate of his compliance with Supreme Court Rule 651C about two months before the state filed its motion to dismiss. But he chose to present all of the defendant's pro se claims without amendment. And I understand and acknowledge that the case law, which is in our briefs, doesn't require an amended petition to be filed in every post-conviction case. The need for that is dependent on the types of claims that the defendant has raised. At the same time, there are some claims that cannot properly be presented without amendment. And with those types of claims, the Supreme Court has made clear that it is incumbent on post-conviction counsel to shape the petitioner's claims into the appropriate legal form. And that brings us to the crux of this appeal. One of the claims in the defendant's pro se petition did not include an allegation that was necessary to prevent dismissal under the doctrine of issue forfeiture. And just as in the Turner case that I cited, and also in this court's recent decision in Demetrius Ross, it's patently unreasonable to both adopt and not amend a claim which cannot be successful unless it's amended. And that's what happened in this case. The claim here happened to pertain to the trial court's admission at trial over objection of evidence of other crimes and bad acts that the defendant was alleged to have committed with his domestic partner. The defendant wanted to pursue this claim on the merits. But he was given an attorney whose duty was to shape that claim into an appropriate form that would survive a motion to dismiss on the grounds that the claim was legally insufficient to go on. And here, rather than filing any amendments, the post-conviction counsel just stood on the claims in the same form that they were presented in the defendant's pro se petition. In other words, counsel ensured that at least that claim would be dismissed because it had been forfeited. It was not a part of the direct appeal in this case. Now, in this appeal, the state is not able to legitimately claim that post-conviction counsel didn't commit the same type of omission that was recognized in Turner or in Ross. So what the state has done in the brief in this case is say that even if there was an error by counsel not amending this petition, it was one that doesn't matter. Because the underlying other bad acts evidence would not have been an argument that ultimately would have obtained a new trial for the defendant. But there is a big difference between that type of error and the error we're arguing. An error that involves both a performance failure by post-conviction counsel and ultimate prejudice should not go back for new post-conviction proceedings. An example would be, suppose there was an error that was so apparent that the state was willing to confess that it required that a new trial be given, except there still needed to be an amendment to the post-conviction petition to incorporate a claim of ineffective assistance of appellate counsel. And if that scenario were presented, both the state and I would be saying, go back for a new trial. It's time to give them the new trial. But here we're not asking that a new trial would be granted because we had a breakdown in the protections that the act contemplates for counsel to do the job of shaping the petition, the claims in the petition. So we don't have to show that this claim was sufficient to obtain a new trial. We wouldn't need any further post-conviction proceedings if we could do that. But the problem is this court cannot assume, without proper representation in this case, an amended petition would also have been dismissed or later denied after an evidentiary hearing. The petition hasn't been amended yet, so you cannot predetermine what it's going to contain. And that's the problem with the error here. I, as appellate counsel, clearly cannot do amendments to the petition. It's something that has to be done in the lower court. So under the cases that I cite in my opening brief, the end of the argument, pages 20 and 21, three Supreme Court decisions contend that it is not appropriate to reach harmless error for this type of negligence by post-conviction counsel. And that it is error that requires a remand where the argument that needed to be amended has not yet been shaped into proper legal form. So because there has been a breakdown in the protections afforded under the Post-Conviction Hearing Act and Supreme Court Rule 651, we're asking that the order dismissing the defendant's petition be reversed and that this case be remanded for further post-conviction proceedings with new appointed post-conviction counsel. Thank you. Thank you, Mr. Perez. Mr. Arado? May it please the Court. Good morning, Your Honor's counsel. I'm not sure I have much more to add to Mr. Robert M. Hansen's brilliant brief of four pages that he presented to the Court. I will point out that defendant's counsel, post-conviction counsel, only has to amend meritorious claims. And if defendant's counsel did not believe the claim was meritorious, there's no requirement that he amend the claim. So the question is, do we presume, and the law is that there's a presumption if you file the 651C certificate that you did what you were supposed to do under it, that counsel did not believe that this was meritorious. The argument that he presented to the judge did not address that particular issue. Therefore, there's an indication that he did not feel that it was worthy of being supported. He didn't strike it from the pleading. No, but there's no requirement that he file a new pleading or do anything other than file the 651C and argue what he believed was appropriate. Isn't that an argument that the attorney is substituting his judgment for the judge? I mean, who's supposed to determine whether it's meritorious or not? Well, under Greer, the Supreme Court talked about, well, defendant has, or defendant's counsel is post-conviction. What does he have to do in order to present frivolous claims? He doesn't have to present frivolous claims. So is it substituting the judgment of the judge? Well, as an attorney, you're representing, you have a duty not to present frivolous claims. Well, he presented the claim, so apparently he didn't believe it was frivolous. Who did? Counsel. Didn't he submit the defendant's claims? He did not amend. Without amending them? Arguably, that he, by not doing anything, he was adopting it, but he simply, when he argued it, he did not include that in his argument. Well, I guess my question is, when it gets to the second stage, he's supposed to, or she, counsel's supposed to shape those claims into a valuable argument, if there is one. If he feels there isn't one, he has the option of filing a motion to dismiss, then the underserved families motion. I guess if he looks at the claim in the petition and would recognize this was never raised, which, you know, it was not raised on direct appeal, doesn't he, I mean, I just don't see how in any way, shape, or form a licensed attorney in this state would not recognize that this claim, as drafted by the defendant, can't go forward and without having to comb the record would have an obligation to try and shape that into something that could go forward. I just, you know, I don't know how you'd say, well, if he didn't think it was meritorious, if he didn't think it was meritorious, then he could say, you know what, I think this should be dismissed, which we see plenty of those, but if not, then doesn't he have an obligation to get it into a form where it can get to the next stage? Generally that's true, though, backing up on your comment about the licensed attorney has already reviewed the record in this case on his direct appeal and didn't raise it, so he, you know, there could be a presumption, and this was the Supreme Court unit that actually had done the direct appeal, and he did not raise it, so the presumption, perhaps, or the inference was that he did not believe it was meritorious to begin with. So a licensed attorney did at least comb the record and decide not to include that in the direct appeal. So in the second post-conviction, does he have a duty to shape, he has a duty to shape claims that are meritorious, not non-meritorious. That's my only response. I'm not saying with the attorney on direct appeal, but this attorney has an obligation to at least look and say, I wonder why this wasn't raised on direct appeal, and then if, as you're, I guess, supposing that he didn't think it was meritorious, then I think he has an obligation to not continue with frivolous arguments. And he didn't. He presented an oral argument without including it. What was presented in the defendant's original petition could not have proceeded because it had been forfeited as drafted. So he couldn't take that argument. He shouldn't have just taken that argument, because attorneys have an obligation that if they know something has been forfeited, that they should argue, that they should say, you know what, this is frivolous. I'm not sure where to go with that. But what I'm saying is, if he had looked at it and said, you know, you really think that this should have been an issue that had been reviewed on appeal, then he should have... It would have been better practice to have said to the judge, I'm not adopting that portion of the petition. Is it conjecture, or do you know that he thought it was meritless? There's no way of telling from this record, because there's a presumption because he filed 651C's certificate saying that he did everything necessary to make it comply, I guess. So I guess that's the only presumption I can make based upon the certificate and case law saying that you have to make that presumption. But that's essentially why. I guess I don't know how, if he files a certificate, no, I mean, he should, if he had looked at it, he should know this is not something that was going to ever be able... The defendant couldn't proceed on this as drafted. So I don't know how he could file a certificate saying that it was okay. I know that the standard is a statutory right to counsel, but why would we have any counsel at all if they aren't doing some advocacy and some lawyering? Well, he did make an oral argument. So he did some advocacy. All I can tell you is 651C's certificate file, presumptions, and that's... Don't attorneys have an ethical obligation to inform the court if there's case law or if there's something that precludes an argument that they're presenting to the court? The answer to that would be yes. Well, yes, but the state's attorney had argued that point about the forfeiture, and he never responded to it. Therefore, he must have concurred at the very least that it wasn't an appropriate claim. And it would be based on your reading of his mind? Based on his filing of 651C certificate. The other request we have, if you're going to remand this, is that you limit it to that particular claim because that is the only one that they've complained about. So I have nothing... That's just something I... There's nothing in the brief, or I don't have any authority off the top of my head, but that's the only issue that he's complained about is this one particular claim. The judge addressed each and every other claim. Therefore, we request that if you remand it, it be limited to that claim. Did it have ineffective assistance of counsel? On that claim, yes. You're asking that we send it back and tell the court that it shouldn't consider anything else in the post-conviction petition except this one issue? Correct. Therefore, if you have no other questions... Thank you, Mr. Arado. Mr. Corrales. Until that last part, everyone's going to wave rebuttal. But there's a problem with remanding it in that fashion. I think the issue here involves a breakdown in the protections that giving appointed counsel is designed to allow. Post-conviction counsel can make amendments to the petition that go beyond what the defendant raised. That's part of why you have to consult with the defendant. And so this should not be a limited remand because there hasn't been an amendment to the petition. That would be the same as saying, counsel, you're appointed to make amendments, but don't add anything. You're prohibited from adding anything. We're asking for new counsel to assist the defendant in remand. And he should be allowed to amend the petition to present any constitutional claims that he spots or consults the defendant about. So while I'm asking for this relief because of the one unamended claim, again, I pointed out in the opening segment, I don't know what would have been in an amended petition. And that's why it requires a remand. So I would ask you to remand it without the limitation that was just proposed. Any other questions? Thank you. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. Right now, we'll take a brief break.